Andrew Murhon, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Kawecki Berylco, Respondents.

Kawecki Berylco and The Hartford Insurance Group, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Andrew Murhon, Respondents.

Argued April 7, 1980, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

215

*Marc S. Jacobs, Galfand, Berger, Senesky, Lurie & March,* for Andrew Murhon, petitioner.

*Robert H. Holland, Kolb, Holland & Taylor,* for respondents.

*Robert H. Holland, Kolb, Holland & Taylor,* for Kawecki Berylco and The Hartford Insurance Group, petitioners.

*Marc S. Jacobs, Galfand, Berger, Senesky, Lurie & March,* for respondents.

OPINION BY JUDGE WILKINSON, JR., May 7, 1980:

Kawecki Berylco (employer) and its insurer The Hartford Mutual Insurance Company, petitioners in No. 1799 C.D. 1979, and petitioner (claimant) in No. 1658 C.D. 1979 have brought cross-appeals from the order of the Workmen's Compensation Appeal Board (Board) remanding the case to the referee.

Claimant was employed by the employer for approximately 25 years. From October 2, 1957 to February 24, 1976, his last day of employment, claimant worked in the strand cleaning department; his work entailed running beryllium strips through cleaning machines. The referee awarded claimant workmen's compensation benefits for total disability caused by

berylliosis, as the result of claimant's exposure to the dust and fumes from beryllium in his employment. The employer appealed to the Board, asserting that there was no substantial competent evidence to support a finding that claimant was so totally disabled and that the medical evidence indicated that claimant does not suffer berylliosis. Claimant also appealed to the Board, asserting that the referee did not make provision pursuant to Section 440 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §996, for the costs of litigation and medical examinations, and that the referee erred in giving credit to the employer for disability pension benefits paid to claimant.

The Board remanded the case to the referee for several reasons. First, the Board directed the referee to determine whether the alleged occupational disease in the case is the occupational disease of poisoning by beryllium as specifically listed in Section 108(a)[1] of the Act, 77 P.S. §27.1(a), or is the occupational disease berylliosis. The Board noted that if the referee's determination is berylliosis, then the referee must make the findings required by Section 108(n) of the Act, 77 P.S. §27.1(n), namely that claimant was exposed to a disease by reason of his employment, that the disease is causally related to the claimant's industry or profession, and that the incidence of the disease is substantially greater in the industry or occupation than in the general population. *See Scranton Garment Co. v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 190, 381 A.2d 210 (1977). Additionally, the Board directed the referee to make provision, if proper, for medical expenses and the costs under Section 440 and to set forth his rea-

---

[1] Added by Section 1 of the Act of October 17, 1972, P.L. 930, *as amended.*

soning in awarding a credit to the employer for disability pension benefits.

Over the last ten years this Court, following *Overmiller v. D. E. Horn & Co., Inc.*, 191 Pa. Superior Ct. 562, 159 A.2d 245 (1960), has departed from the well established doctrine that remand orders of the Board are interlocutory and not appealable. In doing so we have developed three exceptions as set forth in *American Co. v. Workmen's Compensation Appeal Board*, 37 Pa. Commonwealth Ct. 169, 389 A.2d 263 (1978): the appeal to the Board resulting in remand was untimely; the remand, based on the record, could not produce a different result; or the Board's action in granting the remand was based on a clear error of law. As explained in the decisions which developed the exceptions, it was felt there would be a saving of litigants' time and money if these exceptions were allowed. Our experience has been that the existence of the exceptions has been counterproductive. Apparently the party suffering the remand now files an appeal hoping he can convince this Court that his case fits into one of the exceptions or that he can develop still a further exception. Indeed it has gotten to the point, as here, that there are cross-appeals from a remand order!

In view of this, our Court now returns to the time tested doctrine that a remand order of the Board is interlocutory and unappealable as a matter of right, without exception.[2]

Accordingly, we will enter the following

### ORDER

AND Now, May 7, 1980, the appeals of petitioners from the order of the Workmen's Compensation Appeal Board, Docket No. A-76764, dated July 26, 1979, are hereby quashed.

---

[2] *See*, however, 42 Pa. C.S. §702(b) and Pa. R.A.P. 1311 et seq.