York Hospital and Pennsylvania Manufacturer's Association Insurance Company, Petitioners v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Ruth Krout, Respondents.

Argued March 10, 1980, before President Judge CRUMLISH and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

*W. Jeffrey Sidebottom, Barley, Snyder, Cooper & Barber,* for petitioners.

*Donald L. Reihart, Laucks & Monroe,* for respondent.

Opinion by President Judge Crumlish, June 30, 1980:

The Pennsylvania Workmen's Compensation Appeal Board affirmed a referee's decision to reinstate total disability benefits to Ruth Krout (Claimant) but remanded for clarification on the issue of suitable work availability. We quash the York Hospital's and Pennsylvania Manufacturer's Association Insurance Company's appeal.

Krout sustained a work-related injury on August 29, 1970. After she received total disability benefits for 37 weeks, the parties entered into a supplemental compensation agreement providing for partial disability benefits. Some seven years later, Claimant filed a reinstatement petition alleging that she was fraudulently induced to sign the supplemental agreement, and that she has been and remains totally disabled. The referee found that Claimant sustained the burden of proof necessary to reinstate compensation for tempo-

436

rary total disability beginning June 29, 1971, and credited the partial disability compensation already paid. While the Board's order affirms this award, it acknowledges medical testimony suggesting Claimant's suitability for light work, cites the employer's corresponding burden of showing the availability of such work, and remands for the purpose of affording York an opportunity to show the presence of light work and thus help restore Claimant to a life of useful activity.

Dispositive is our recent decision in *Murhon v. Workmen's Compensation Appeal Board*, 51 Pa. Commonwealth Ct. 214, 414 A.2d 161 (1980), which returns us ''to the time tested doctrine that a remand order of the Board is interlocutory and unappealable as a matter of right,'' except by permission in accordance with 42 Pa. C.S. §702(b) and Pa. R.A.P. 1311.

Accordingly, we

ORDER

AND Now, this 30th day of June, 1980, Petitioners' appeal from the order of the Workmen's Compensation Appeal Board, Docket No. A-76238, dated March 9, 1979, is hereby quashed.