524 A.2d 525

Budd Trailer Company, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Behney), Respondents.

Submitted on briefs February 23, 1987, to Judges MacPhail and Barry, and Senior Judge Barbieri, sitting as a panel of three.

*Thomas C. Lowry, Swartz, Campbell & Detweiler,* for petitioner.

*Loren A. Schrum,* with him, *Keith D. Wagner,* for respondents.

OPINION BY JUDGE MACPHAIL, April 13, 1987:

Budd Trailer Company, Inc. (Employer) petitions for our review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's award of benefits to Jack M. Behney (Claimant).[1] We affirm.

The referee's findings reflect that Claimant, who worked for Employer as a welder, was injured while working on March 18, 1980, when a wooden shield fell onto him, causing him to strike his knees on a welding table. As a result of this accident, the referee found that Claimant suffered injuries to both of his knees. While not mentioned in the referee's fact findings, it is apparent from the record that Claimant also suffered injuries to his right knee from a fall at his home on or about April 7, 1980.[2] Claimant was unable to return to work after April 7 and, in fact, underwent surgery to his right knee on May 13, 1980. The referee noted that prior to the work accident on March 18, Claimant never had any

----

[1] The Board also affirmed the referee's ruling that Employer is entitled to a credit of $2,990 for non-occupational sickness and accident benefits which Claimant had received. This portion of the referee's ruling is not at issue in the instant appeal.

[2] Claimant testified as follows regarding the knee injury he sustained at home:

A.  I worked from the time of the accident until April 7. I know my legs hurt me, but I had to still work for an income coming in. Then the morning of the 7th my legs gave out from under me.

Q.  Which leg was that?

A.  That was the right leg. I caught myself before I went down on both of them.

Q.  Where did that happen?

A.  That happened on my way to work.

Notes of Testimony (N.T.) from April 5, 1982 at 11; Reproduced Record (R.R.) at 17a.

medical problems with his knees. The referee concluded that Claimant's work-related injuries resulted in his subsequent disability and awarded him compensation beginning on April 7, 1980.

As a preliminary matter, Claimant has challenged the timeliness of the instant petition for review. The procedural history of this case reveals that the initial referee's award, while affirmed by the Board on the merits, was remanded for a determination of Employer's entitlement to a credit for non-occupational accident and sickness benefits received by Claimant. The Board's decision was dated November 23, 1984. On remand, the referee ruled that Employer was entitled to such a credit. The Board affirmed the referee's determination in an opinion dated November 15, 1985, and the instant appeal followed.

Claimant argues that since the merits of the case were not at issue in the remand to the referee and were, in fact, finally resolved by the first Board order of November 23, 1984, a timely appeal regarding the merits should have followed that order. Our Court has held, however, that "a remand order of the Board is interlocutory and unappealable as a matter of right, *without exception.*" *Murhon v. Workmen's Compensation Appeal Board,* 51 Pa. Commonwealth Ct. 214, 217, 414 A.2d 161, 163 (1980) (emphasis added). Our statement in *Murhon* was intentionally broad in scope and specifically disapproved the use of several previously developed exceptions to the general bar on appeals from Board remand orders. Given our unqualified holding in *Murhon,* we would be hesitant to now prevent Employer from pursuing the instant appeal, since it is certainly probable that its failure to file an earlier appeal from the Board's remand order was influenced by *Murhon.* While we express no opinion as to whether an appeal from the Board's first decision of November 24, 1984

would, indeed, have been quashed as interlocutory,[3] we will proceed to address the merits of the instant appeal.

Employer challenges, in particular, the following three fact findings made by the referee:

3. On March 18, 1980, while in the course of his employment, a wooden shield fell onto Claimant, causing him to fall and strike his knees on a welding table.

4. As a result of the aforesaid accident, Claimant suffered injuries to his knees.

. . . .

11. Claimant's medical expert is of the opinion that both knees were injured at the time of Claimant's accident at work and that his present condition is a result of that accident.

Regarding the extent of the injuries sustained by Claimant at work, Employer contends, based on the records and testimony of the dispensary nurse who treated Claimant following the accident, that only Claimant's *left* knee was injured in the March 18 accident. Since it was Claimant's *right* knee which was injured in the April fall at home, and which was subsequently operated on, Employer argues that there is no causal relationship between the two injuries. Moreover, Employer notes that Claimant filed an application for

---

[3] We observe that this Court, in opinions filed after *Murhon,* has addressed certain direct appeals from Board orders which included remands. See *Mangine v. Workmen's Compensation Appeal Board (Consolidated Coal Co.),* 87 Pa. Commonwealth Ct. 543, 487 A.2d 1040 (1985) (Board's remand effectively put Claimant out of court by denying request to amend claim petition to allege heart attack disability); *H.B. Sproul Construction Co. v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 413, 431 A.2d 1143 (1981) (Board order final regarding Claimant's refusal to submit to medical examination despite remand order to resume interrupted modification hearing).

non-occupational accident and sickness benefits following the April injury.

As indicated from the foregoing, the record contains conflicting evidence regarding the nature and extent of the injuries sustained by Claimant in the work-related accident. We are satisfied, however, that the record contains substantial evidence to support the referee's finding that *both* knees were injured on March 18. Claimant testified that immediately following the work accident his left leg was swollen while the right was "just a little red." Claimant stated that he felt pain, however, in *both* legs. N.T. at 9; R.R. at 15a. Moreover, Claimant's treating physician, Dr. Latman testified as follows:

> Mr. Behney said that both knees were injured when he fell on 3/19. The left one apparently was examined at the dispensary at his place of employment. But he also complained that the right knee had been constantly painful since the injury, with snapping, locking and swelling.

Deposition of Dr. Latman at 13. Since it is the referee's province to resolve conflicts in the evidence presented, *K-Mart Corp. v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 52, 424 A.2d 956 (1981), we must conclude that the finding regarding the nature of Claimant's work injuries is binding on appeal.

Employer next argues that the record does not contain unequivocal medical evidence linking Claimant's work-related injuries to his subsequent disability. Employer contends that such evidence is necessary given the length of time between the occurrence of the work injury (March 18) and the start of Claimant's disability period (April 7), in addition to the fact that the actual disability closely followed a second trauma at home. We agree that unequivocal medical evidence is required in

this case and believe that Claimant's treating physician provided such evidence.

Where there is no obvious causal relationship between an injury and a disability, the claimant must establish such a causal connection with unequivocal medical testimony. *Stone Container Corp. v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 384, 413 A.2d 17 (1980). "Lay testimony is probative on the issue of physical injury and the cause of that injury only if the cause and effect are so immediate, direct and natural to common experience as to obviate any need for an expert medical opinion." *Weaver v. Workmen's Compensation Appeal Board (Pennsylvania Power Co.),* 87 Pa. Commonwealth Ct. 428, 432, 487 A.2d 116, 118 (1985). We do not think that such an obvious causal connection exists here and that competent medical testimony is, therefore, required.

Turning, then, to the evidence on causation, we note the following relevant testimony by Dr. Latman:

[T]orn cartilage does not often make itself evident at the time of injury. Often a second injury occurs or a twisting or bending of the knee which will cause a repeat injury to the same tear and cause it to flare up and become painful at a date after the original injury.

Q. . . . [I]s it your opinion within reasonable medical certainty that that is what indeed happened to Mr. Behney's knee here?

. . . .

[A]. I would say that the patient falls into this category.

Deposition at 12-13. We believe that this testimony is unequivocal and adequate to support the referee's finding that Claimant's work injury was the cause of his subsequent disability. While we are troubled by the referee's failure to make any findings regarding

Claimant's fall at home, we believe that Dr. Latman's testimony reasonably supports the conclusion that Claimant's disabling · injuries were the natural and probable result of Claimant's work-related accident. *Cf. GTE Sylvania v. Workmen's Compensation Appeal Board (Lydon)*, 73 Pa. Commonwealth Ct. 618, 458 A.2d 1050 (1983); *Smith v. Workmen's Compensation Appeal Board*, 63 Pa. Commonwealth Ct. 340, 437 A.2d 1301 (1981); *Gower v. Mackes*, 184 Pa. Superior Ct. 41, 132 A.2d 880 (1957).

Order affirmed.

### ORDER

The order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.