531 A.2d 826

Air Products & Chemicals, Inc. and National Union Fire Insurance Company of Pittsburgh, Petitioners v. Workmen's Compensation Appeal Board (Koval), Respondents.

Argued April 20, 1987, before Judges MacPhail and Barry, and Senior Judge Kalish, sitting as a panel of three.

*Hugh F. Mundy,* with him, *Marianne C. Smith, Dougherty, Mundy & Leventhal,* for petitioner, Air Products & Chemicals, Inc.

*Charles D. Lemmond, Jr.,* for respondent, John Koval.

Opinion by Judge Barry, September 29, 1987:

The petitioner, Air Products & Chemicals, Inc. (employer) appeals an order of the Workmen's Compensation Appeal Board which reversed a decision of the referee denying a claim petition filed by John Koval (claimant).

The claimant had worked for the employer as a welder for over twenty-seven years. In August of 1982, the claimant suffered fractures of the second and third

toes when a pipe fell on his foot. Claimant, at the same rate of pay, was given light duty work where he watched other welders perform their jobs. This job allowed the claimant to sit with his injured foot in an elevated position. As the injuries improved, claimant was given welding jobs that could be done while sitting. By December of 1982 claimant was performing pre-injury jobs when he slipped on a welding rod and reinjured his toes. He was examined by Dr. Thomas W. Byron, a company orthopedic surgeon and by an independent orthopedist, Dr. Joseph R. Sgarlat. Both doctors recognized that the claimant could not return to his regular job. The claimant never returned to work and retired in May of 1983.

In June of 1983, claimant filed a claim petition which the employer contested. Hearings were held. The claimant testified concerning the injury in December of 1982 and his inability to return to work thereafter. He also introduced the deposition of Dr. Sgarlat who opined that, following the December injury, claimant could do light duty work for no more than five hours per day. The employer presented the deposition of Dr. Byron, who also testified that claimant was capable of doing light duty work. The employer also presented the testimony of Henry Wooddeshick, the former personnel manager and George Evanick, the assistant plant superintendent. Both testified that the employer always went out of its way to accommodate injured employees, citing as an example the treatment afforded claimant following his first injury. Both also testified that light duty work was available to the claimant after his second injury. Based on this testimony, the referee denied benefits because of the availability of this light duty work at no loss of pre-injury income.

The claimant appealed to the Board. The Board reversed because it reviewed the record and concluded

that, while light duty work may have been available, claimant had not been made aware of such work. Because the referee had failed to make findings concerning the claimant's average weekly wage and the fee arrangment between the claimant and his attorney, the board remanded to the referee for findings limited to these questions. The employer appealed to this Court.[1]

Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed or whether a necessary factual finding is supported by substantial evidence in the record. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986). The burden of proving entitlement to benefits on a claim petition is, of course, on the claimant.

The Board, in reversing the referee's denial of benefits, relied upon *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 91 Pa. Commonwealth Ct. 543, 498 A.2d 36 (1985), and *Farkaly v. Workmen's Compensation Appeal Board (Baltimore Life Insurance Company)*, 91 Pa. Commonwealth Ct. 571, 498 A.2d 34 (1985). In both of those cases, we held that before an employer's modification petition, based on partial as opposed to total disability, can be granted, the employer must prove that a job is actually available which the claimant can perform and that the employer actually notified the claimant of that job. In this case, neither of the employer's supervisors who testified told

---

[1] Remand orders, normally interlocutory, are not appealable. Pa. R.A.P. 311. In those normal instances, the remand is necessary before a final decision can be made on the question of liability. Here, the Board had no question concerning the employer's liability but because it was not empowered with fact finding powers, it had to remand to determine the *amount* of employer's liability. Under these circumstances, we believe the Board's order was final and hence appealable.

claimant that a job was available to him following the second injury. Furthermore, the employer's medical expert admitted that he had never been given the opportunity to approve a specific job within the claimant's limitations. Therefore, according to both *Kachinski* and *Farkaly*, the employer failed to meet its burden in this case.

The employer's response is twofold. First it argues that the cases above cited are inapposite because they are modification petitions while the present case is a claim petition. This is an untenable distinction. There is no doubt that following the second injury, the claimant was disabled because even the employer's medical expert testifed that claimant was unable to return to his pre-injury job. Thus, the employer's response here, that light duty work was available at no loss of pre-injury income, was in effect the basis of a termination petition although not actually titled as such. On either a modification petition or a termination petition, the burden of proving the necessary elements to grant relief to the employer is on the employer. *Barrett v. Otis Elevator Co.*, 431 Pa. 446, 246 A.2d 668 (1968).

The employer also argues that claimant had actual knowledge of the light duty work as it had been provided to him following his first injury. Because the employer provided light duty work on one occasion does not prove that it can or will be offered a second time. In the normal situation where an employer hopes to prove a reduction in disability from total to either partial or no disability at all because of no loss of income, the employer must prove, inter alia, actual job availability. Because in many instances the available jobs are not with the employer, we have held that an employer need not produce a job offer. *Don-Mark Realty Co. v. Milovec*, 11 Pa. Commonwealth Ct. 448, 314 A.2d 349 (1974). However, where the employer seeks to prove such a reduc-

tion in disability because the *employer itself* had a job within the claimant's limitations at a rate of pay equal to the pre-injury rate of pay, the employer must prove that it did indeed offer such a job to the claimant but the claimant refused such offer. The employer having failed to do so here, we affirm.

ORDER

Now, September 29, 1987, the order of the Workmen's Compensation Appeal Board, dated January 27, 1986, at No. A-89305, is affirmed.