542 A.2d 616

FMC Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (Wadatz), Respondent.

Submitted on briefs November 19, 1987, to Judges DOYLE and BARRY, and Senior Judge KALISH, sitting as a panel of three. Submitted on briefs March 22, 1988, to President Judge CRUMLISH, JR., and Judges CRAIG, MAC-PHAIL, DOYLE, BARRY, COLINS and PALLADINO, sitting as the Court En Banc.

*Michael J. Wagner, Evey, Routch, Black, Dorezas, Magee & Andrews,* for petitioner.

*John W. Pollins, III,* for respondent, Albert Wadatz.

OPINION BY JUDGE MACPHAIL, June 3, 1988:

Petitioner, FMC Corporation, seeks review of an order of the Workmen's Compensation Appeal Board (Board) which reversed and remanded the referee's order and reinstituted compensation benefits for total disability for injuries separate and distinct from the specific loss of claimant's, Albert Wadatz, left foot.

On November 5, 1980, claimant, who was employed by petitioner, sustained a work-related injury in which his left foot was crushed and subsequently amputated. The notice of compensation payable described the injury as a crushed left foot. Subsequently, the petitioner filed a petition for modification alleging that the claimant's injury was limited to a specific loss of his left foot without any injury or disability separate and distinct therefrom, and that payments should be terminated as of February 14, 1986. There was no factual dispute over the specific loss of the left foot. All parties agreed that claimant was entitled to compensation for the amputation for a total of 275 weeks pursuant to Section 306(c), (d) of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513.

The Board's order reversed the referee's decision that claimant's disability was limited to specific loss benefits and ordered compensation benefits for total disability reinstated. The Board, in addition, remanded

the case for a determination of counsel fees to be awarded, noting that there was conflicting evidence in the record concerning the calculation of those fees. In its order, the Board authorized the referee, at his discretion, to reopen the record to resolve the matter if the referee should decide that that was necessary.

We now must decide whether the instant appeal should be quashed under the "no exception" rule on remand orders which we first enunciated in *Murhon v. Workmen's Compensation Appeal Board,* 51 Pa. Commonwealth Ct. 214, 414 A.2d 161 (1980).

In *Murhon,* this Court held that "a remand order of the Board [Workmen's Compensation Appeal Board] is interlocutory and unappealable as a matter of right, *without exception.*" 51 Pa. Commonwealth Ct. at 217, 414 A.2d at 163 (emphasis added, footnote omitted). Judge (later Justice) WILKINSON stated for the Court that the principal reason for our decision was the fact that over the years prior to *Murhon,* so many exceptions had developed to the "well established doctrine" that an interlocutory order of the Board was not appealable, that the doctrine had lost its vitality. We recently took the opportunity to affirm *Murhon* in *Budd Trailer Co. v. Workmen's Compensation Appeal Board (Behney),* 105 Pa. Commonwealth Ct. 258, 524 A.2d 525 (1987), when we held that an employer's failure to appeal from a Board remand order did not bar the employer from appealing the Board's final order entered after the referee acted on remand.

Notwithstanding our strong language in *Murhon,* we have, since that decision, again begun to carve out exceptions to the firm rule we had therein enunciated. *See, e.g., Mangine v. Workmen's Compensation Appeal Board (Consolidated Coal Co.),* 87 Pa. Commonwealth Ct. 543, 487 A.2d 1040 (1985), *H. B. Sproul Construction Co. v. Workmen's Compensation Appeal Board,* 60

Pa. Commonwealth Ct. 413, 431 A.2d 1143 (1981) and *Air Products and Chemicals, Inc. v. Workmen's Compensation Appeal Board (Koval),* 109 Pa. Commonwealth Ct. 565, 531 A.2d 826 (1987).

We now feel that it is time to once again reassert and reaffirm what we said in *Murhon.* In doing so we expressly overrule all decisions subsequent to *Murhon* which noted an exception to our decision in that case.

Our reasoning in *Murhon* remains viable now. Appellate courts ought not to be called upon to decide a case until every issue involved has been finally resolved in the proceedings before the trial court or administrative agency. Only then will our decision put to rest the opposing claims of the litigants. By holding fast to the *Murhon* rule, we remove all doubt for trial courts, administrative agencies and counsel for litigants as to our position with respect to the appealability of interlocutory orders. At the same time, we would be in complete compliance with Pa. R.A.P. 702(a) which authorizes appellate review of *"final* orders" (emphasis added).

Should counsel for a disappointed litigant feel that an order, though interlocutory on its face, involves a controlling question of law where an immediate appeal would materially advance the ultimate termination of the matter, an application may be made to the court or to the adjudicating government unit to certify that issue to us. *See* Section 702 of the Judicial Code, 42 Pa. C. S. §702. Should the adjudicating government agency refuse to certify, we may review that denial.

In the case now before us, there is the possibility, if not the likelihood, that once the referee determines the counsel fee issue which has been remanded to him, yet another appeal will be taken to the Board and then to this Court. Such procedures work against the economical use of judicial time and are at variance with what we tried to accomplish in *Murhon.*

Since it is quite apparent that the order now before us is interlocutory and that there is no controlling question of law involved, we will quash the appeal and remand the case for implementation of the Board's remand order.

## ORDER

The appeal of FMC Corporation is quashed. The case is remanded to the Workmen's Compensation Appeal Board for implementation of its remand order dated July 25, 1986.

Jurisdiction is relinquished.

---

DISSENTING OPINION BY JUDGE BARRY:

I respectfully dissent from the majority opinion in this case.

While I must agree with the proposition that remand orders are generally interlocutory and therefore should in the interest of good administration be unappealable I cannot agree with the majority's position that *all* remand orders from the Workmen's Compensation Appeal Board must be considered unappealable as a matter of course.

One of the entrenched tenets of The Pennsylvania Workmen's Compensation Act is that it is remedial in nature and must be liberally construed to effectuate its humanitarian objectives. *Krawchuk v. Philadelphia Electric Company,* 497 Pa. 115, 439 A.2d 627 (1981). In my view, these objectives are not observed where a claimant who has been awarded benefits must wait to receive those benefits pending a remand for a determination of attorney fees and possible appeals to the Board and an appellate court or courts. In short, where liability has been finally determined by the Board and it has entered a remand order, on an issue not involving liability, I would favor a procedure where liability decid-

ed, the remaining auxiliary issue could then be addressed. The analogy to trespass cases is appropriate. Liability can be determined in such cases and damages later addressed.

Accordingly, I would permit this appeal and address the merits, which in my judgment involves a final order.

Judge DOYLE joins in this dissent.