542 A.2d 1059

Albert J. Bernotas, Petitioner *v.* Workmen's Compensation Appeal Board (Philadelphia Electric Company), Respondents.

Submitted on briefs January 27, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Arthur G. Girton, P.C.,* for petitioner.

*Thomas F. McDevitt, P.C.,* for respondent.

OPINION BY SENIOR JUDGE BLATT, June 13, 1988:

Albert J. Bernotas (petitioner) petitions for our review of the opinion and order of the Workmen's Compensation Appeal Board (Board) holding that the Philadelphia Electric Company (employer) is entitled to credit for benefit payments that it made to the petitioner. We will vacate and remand.

The issues presented to us in the instant case are whether the Board's remand order of July 21, 1983 was proper and whether the Board erred when it affirmed, with modification, the referee's decision of June 19, 1986 that the employer is entitled to credit. Our scope of review is limited, therefore, to a determination of whether constitutional rights were violated or an error of law committed, and whether essential findings of fact are supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

The petitioner was injured at work on December 23 or 24 of 1967 when he was accidentally hit on the left side of his head with a sledgehammer by another employee. By agreement dated February 4, 1968, he received compensation in the amount of $52.50 per week beginning January 9, 1968. He returned to work on February 6, 1968 and later signed a final receipt on April 26, 1968. On February 6, 1970, he filed a petition for reinstatement.[1] This event marked the beginning of the extensive litigation in this matter.

---

[1] This petition was treated as a petition to set aside a final receipt.

The referee first dismissed the petition as barred by the statute of limitations. The Board then vacated this decision and remanded to the referee. Upon remand, the referee ruled in favor of the petitioner and held that the petitioner remains disabled from the accident of December of 1967 and is entitled to compensation in the amount of $52.50 per week from September 16, 1969 through February 2, 1975, and thereafter in the amount of $60.00 per week. The referee also made the following finding of fact relevant to the issues now before us:

> Defendant is not entitled to subrogation of any amounts paid to Claimant since Defendant lacked standing to present such claims and all payments were strictly voluntary on part of the Defendant. Claimant had no control, discretion or legal recourse in reference to these funds.

Referee's Finding of Fact No. 9 from Referee's Decision of October 15, 1981, Reproduced Record (R.R.) at 833a.

By its opinion dated July 21, 1983, the Board affirmed the referee's decision insofar as it held that the petitioner remains totally disabled as a result of his injury of December, 1967, but remanded to the referee for further findings of fact and conclusions of law regarding the "subrogation"[2] issue.[3] The pertinent segment of this opinion reads as follows:

---

[2] It appears that the issue is one of credit rather than subrogation, but that is unclear from the incomplete record before this Court. The Board later refers to employer credit. *See generally Humphrey v. Workmen's Compensation Appeal Board (Supermarket Service)*, 100 Pa. Commonwealth Ct. 33, 514 A.2d 246 (1986).

[3] The petitioner petitioned for our review of this remand order, which petition was appropriately quashed on September 21, 1983 as seeking review of an interlocutory order. *See Murhon v. Workmen's Compensation Appeal Board*, 51 Pa. Commonwealth Ct. 214, 414 A.2d 161 (1980).

The defendant alleges that the referee committed error in not providing for subrogation rights due to the fact that the claimant has received other benefits due to this injury. We therefore remand this case to the referee solely on the subrogation issue. Upon remand, both parties may introduce any evidence concerning the subrogation issue and the referee will make specific findings of fact, conclusions of law and an order concerning subrogation rights, if any, that exist in this case.

Board's Opinion of July 21, 1983 at 2, R.R. at 838a.

Further hearings were held, after which the referee found that the employer was entitled to credit for benefit payments that it made to the petitioner from the Group Disability Insurance Plan, the Sick Plan and the Disability Payroll Plan, but not those made from the Beneficial Association Special Allowance. Both parties appealed this decision to the Board. The Board affirmed the conclusion of the referee that the employer is entitled to credit for the payments that it made to the petitioner, but modified the decision on the basis that the referee's methods of calculation were erroneous. The Board made the following findings and conclusions of law regarding payments made by the employer to the petitioner:

Beginning September 1, 1969, the Claimant received $179.20 per week for 26 weeks under a Group Disability and Full Pay Differential Plan. After the expiration of that plan, the Claimant received $219.20 per week for 26 weeks under a Sick Plan paid for by the Defendant. The Claimant received $173.33 per month under the Beneficial Association Special Allowance for 6 months and then received $130.00 per month from the same source for 6 months. The Referee found in Finding of Fact 9:

. . . The Defendant is not entitled to a credit. These payments were from a fund contributed to by employers [sic] and merely administered by the Defendant.

The evidence clearly shows that the employee did not contribute to that fund. We reverse the Referee and grant a credit for these payments.

The Claimant received $285.07 per month from November 1, 1971, until July 31, 1974, and then $302.17 per month from August 1, 1974 to July 31, 1976, and $314.26 per month from August 1, 1976 until March 31, 1978. All payments were made from a plan totally funded by the Defendant. The Referee found that the Defendant was entitled to a credit for these payments, but inexplicably gave a credit only from August of 1974.

The Defendant is entitled to a credit for payments made under all the plans listed heretofore. The payments were all made based on Claimant's incapacity to work and were totally funded by the Defendant.[4]

Board's Opinion of May 29, 1987 at 1, 2, R.R. at 898a, 899a. The Board found it necessary to modify the referee's decision regarding the amount of credit because the employer "is entitled to a credit equal to the compensation due, not the sums paid." Board's Opinion of May 29, 1987 at 3, R.R. at 900a. *See Peoples Natural Gas Co. v. Workmen's Compensation Appeal Board*, 65 Pa. Commonwealth Ct. 119, 441 A.2d 1364 (1982).

---

[4] The Board does not specify under which plan these final benefits were paid. The referee has labeled them as coming from a disability payroll plan. All information contained within this quotation coincides directly with that found in Findings of Fact Nos. 7, 8, 9, and 10 of the Referee's Decision of June 19, 1986, R.R. at 892a, 893a.

Unfortunately, it is impossible for us to exercise our appellate review of this case. Despite our thorough review of the record certified to this Court, we find that crucial evidence to support the findings of the referee and the Board is missing. The record before us, which is of course the same record that was before the Board, does not contain a complete listing of the benefits paid to the petitioner, when those benefits were paid, or from what funds those benefits were paid. It is impossible, therefore, for us to determine if the employer is entitled to any credit, and if so, the amount to be credited.[5]

From what we can ascertain by reviewing the notes of testimony of the referee's hearing held on June 19, 1984, Michael J. Crommie had previously testified before the referee on November 15, 1979. At that time, he testified for the employer regarding the disability payments that were paid to the petitioner by the employer. The transcript of that hearing, however, is not part of the certified record. This testimony was summarized in one of the employer's exhibits, which was admitted into evidence at the referee's hearing of June 19, 1984, but this exhibit is also missing from the record.

Consequently, the only available evidence of disability benefits consists of the testimony of Mr. Crommie at the June 19, 1984 hearing. This testimony, however, is not enough to support the findings of fact of the referee and the Board. It is probable that, because these benefits had been thoroughly discussed at the November 15, 1979 hearing and in the employer's exhibit, no great detail was presented at the June 19, 1984 hearing.

---

[5] Obviously, we are not satisfied with the state of the certified record for the instant case, and this is not the first time when this Court has experienced problems of this sort. We hope that the Board will be more careful to avoid them in the future.

The record does reflect that the petitioner received disability benefits in the amount of $219.20 per week beginning on September 1, 1969 and continuing for 52 weeks. For the first 26 weeks of this time period, $40.00 of these benefits were paid by the Insurance Company of North America, thereby supporting the finding that the petitioner received $179.20 from the employer for 26 weeks and $219.20 for the next 26 weeks. No details were given, however, as to the name of this plan or the nature of its funding. Notes of Testimony (N.T.) of June 19, 1984 at 13, 18, R.R. at 852a, 857a.

On September 14, 1970, the petitioner began receiving payments of $173.33 per month from the Beneficial Association Special Allowance. N.T. of June 19, 1984 at 13, R.R. at 852a. Employees had previously contributed to this fund, but were not doing so at the time the petitioner began working for the employer, and it appears that the petitioner himself never contributed to this fund. N.T. of June 19, 1984 at 21, R.R. at 860a. Payments of $173.33 per month were made for a period of six months from March 14, 1971 through September 13, 1971 from an unnamed plan. N.T. of June 19, 1984 at 33, R.R. at 872a.

This testimony is neither clear nor detailed enough for us to be able to determine whether the essential findings of fact are supported by substantial evidence. It is obvious that more evidence was before the referee, but was never certified to the Board nor to this Court. We are unable, therefore, to hold that the findings are not supported by substantial evidence.

Because it is apparent that the Board has exceeded its scope of review, we will remand the matter to the Board for its further consideration, directing that it rely solely on the record that was or may again be certified to it by the referee. We will vacate the opinion and or-

der of the Board and remand for findings of fact and conclusions of law consistent with the directives of this opinion.

ORDER

AND NOW, this 13th day of June, 1988, the opinion and order of the Workmen's Compensation Appeal Board dated May 29, 1987 in the above-captioned case is hereby vacated and the matter is remanded to the Board.

Jurisdiction relinquished.