550 A.2d 842

Pipe-Fab, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Schnell), Respondents.

Argued May 26, 1988, before Judges DOYLE, PALLA-DINO and McGINLEY, sitting as a panel of three.

*Richard E. Flannery, Balph, Nicolls, Mitsos, Flan-nery & Motto,* for petitioner.

*David H. Acker,* for respondent.

OPINION BY JUDGE McGINLEY, November 21, 1988:

Pipe-Fab, Inc. (Employer) appeals from a decision of the Workmen's Compensation Appeal Board (Board) affirming the decision of the Referee granting the fatal claim petition of Lois K. Schnell (Claimant), widow of Russell C. Schnell (Decedent), pursuant to Section 301(a) of The Pennsylvania Workmen's Compensation Act (Act),[1] 77 P.S. §431. We quash the appeal for want of jurisdiction.

The Decedent died while in the employ of the Employer, although he was working on the premises of Jones & Laughlin Steel Corporation at Aliquippa, Penn-

---

[1] Act of June 2, 1915, P.L. 736, *as amended.*

sylvania. The Employer opposed the fatal claim petition, contending that the Decedent had committed suicide. After a hearing on the fatal claim petition, the Referee found the Decedent died "when he landed in a ladle of molten steel" in the course of his employment. The Referee granted benefits to the Claimant, the Decedent's child, and the Decedent's step-child. The Employer appealed the decision to the Board, which held on March 13, 1987, that the death was not a suicide, and which affirmed the grant of benefits to the Claimant and the Decedent's child. The Board reversed the Referee, however, with respect to the grant of compensation to the Decedent's step-child. The Board also remanded the case to the Referee for the sole purpose of establishing an average weekly wage rate for the Decedent. The Employer filed a petition for review from the Board's decision. On June 24, 1987, the Referee modified the weekly wage rate. On July 17, 1987, the Employer appealed the remand decision of the Referee to the Board. On September 9, 1987, the Employer filed an application for stay of Proceedings in the instant petition for review pending the outcome of the appeal pending before the Board on the remand decision. By Order entered September 25, 1987, we granted the application for stay, and ordered the parties to address the issue of whether the petition for review was taken from a final, appealable order.

Both the Employer and the Claimant urge us to assume jurisdiction of this case as an appeal from a final, appealable order. They suggest that although this Court in *Murhon v. Workmen's Compensation Appeal Board*, 51 Pa. Commonwealth Ct. 214, 414 A.2d 161 (1980), held that a remand order of the Board is interlocutory and unappealable as a matter of right, an exception to that rule was subsequently carved out which would permit an appeal from a decision of the Board

which included a remand order so long as the remand portion of the Board's order does not relate to the issues raised in the petition for review. The particulars of the petition *sub judice* would bring it within the parameters of such exception, but it is no longer viable. After the parties in the instant matter briefed this issue, we entered a decision in *FMC Corporation v. Workmen's Compensation Appeal Board (Wadatz)*, 116 Pa. Commonwealth Ct. 527, 529, 542 A.2d 616, 617 (1988), in which we "expressly overrule[d] all decisions subsequent to *Murhon* which noted an exception to our decision in that case." Accordingly, because the remand order from which the instant appeal was taken is "interlocutory and unappealable as a matter of right, *without exception*" (*FMC* at 530, 542 A.2d at 617), we must quash the appeal.

ORDER

AND NOW, this 21st day of November, 1988, this appeal is quashed.

Judge MACPHAIL did not participate in the decision in this case.