585 A.2d 555

**CAROLINA FREIGHT CARRIERS CORP., Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (ARMI-TAGE, Jones Motor Freight, and Ralph McGaughey, Jr., and Westmoreland Casualty Company), Respondents.**

**CAROLINA FREIGHT CARRIERS CORP., Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (ARMI-TAGE, Jones Motor Freight, Ralph McGaughey, Jr., and Westmoreland Casualty Company), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 14, 1990.

Decided Dec. 31, 1990.

Reargument Denied Feb. 28, 1991.

86

Daniel J. Weis, Weis & Weis, Pittsburgh, for petitioner.

Lee E. Crum, Cheswick, for respondent, Beverly Armitage, respondents.

Before PALLADINO and BYER, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Carolina Freight Carriers Corporation (Carolina) presents two petitions for review,[1] attempting to overturn a referee's decision imposing liability against Carolina on a fatal claim petition filed by Beverly Armitage (Claimant) for benefits under The Pennsylvania Workmen's Compensation Act.[2] For the reasons which follow, we have determined that these petitions for review must be quashed.

Claimant's husband was employed to drive a truck owned by Ralph McGaughey. Carolina entered into a permanent lease agreement with McGaughey, in which McGaughey agreed to lease his truck to Carolina and supply a driver in return for a percentage of the freight revenues received by

1. Carolina has filed two petitions for review in connection with this matter, which appear to be identical in substance and in the parties named as respondents. In an order dated April 3, 1990, these petitions were consolidated by our Court *sua sponte.* Our treatment of this matter is intended to encompass both petitions.

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

Carolina on loads hauled in the truck. In September 1988, after delivering two loads of freight for Carolina, Claimant's husband was killed in a truck accident while hauling a load for Jones Motor Freight. Claimant filed a fatal claim petition naming as respondents Ralph McGaughey, Carolina, and Jones Motor Freight.

Following hearings and testimony in this matter, the referee determined that Carolina and McGaughey were co-employers of Claimant's husband at the time of the fatal accident. The referee's decision assessed liability for benefits equally against both of these parties. The referee dismissed the claim with respect to Jones Motor Freight.

Carolina, alone, appealed this decision to the Workmen's Compensation Appeal Board (Board), alleging that the referee had erred in concluding that Claimant's husband was an employee of Carolina at the time of his death. The Board issued a decision in August of 1989 in which it affirmed the referee as to this substantive issue raised by Carolina. However, the Board also concluded that the referee lacked sufficient information to properly calculate the compensation payable to Claimant, and directed that the case be remanded to the referee for the purpose of taking additional testimony relevant to this issue.[3]

The referee, having taken additional testimony and recalculated the amount of benefits due to Claimant, issued a new decision on March 1, 1990. The referee awarded Claimant a lesser amount in compensation benefits, but reiterated his earlier findings and conclusions with respect to the liability of Carolina and McGaughey as co-employers under the Act.

Carolina did not appeal this second referee's decision to the Board, but instead filed petitions for review directly with this Court. In its petitions for review, Carolina seeks to have this Court now examine the substantive issue raised in its earlier appeal to the Board, questioning the referee's

3. It appears that this issue was not raised by Carolina, but rather was raised *sua sponte* by the Board.

determination that Carolina was a co-employer of Claimant's husband at the time of his death.[4]

■ Carolina, itself, raises as a second issue the question of whether this matter is properly before the Commonwealth Court. The only other brief filed here is on behalf of Claimant, in which she simply asserts that the decisions of the Board and referee should be affirmed.

In its brief, Carolina explains its reasoning in bringing this case directly to the Commonwealth Court following the second referee's decision. Carolina notes that the August 1989 decision of the Board addressed the substantive issue presented by Carolina here, and affirmed the referee on that issue. But Carolina points out that this Board order was interlocutory, because the order also remanded the case to the referee for recalculation of benefits. In *Pipe–Fab, Inc. v. Workmen's Compensation Appeal Board (Schnell)*, 121 Pa.Commonwealth Ct. 227, 550 A.2d 842 (1988), Carolina reminds us, this Court held that such interlocutory orders are not appealable as of right. *See also FMC Corporation v. Workmen's Compensation Appeal Board (Wadatz)*, 116 Pa.Commonwealth Ct. 527, 542 A.2d 616 (1988); *Murhon v. Workmen's Compensation Appeal Board*, 51 Pa.Commonwealth Ct. 214, 414 A.2d 161 (1980).

Carolina argues that the second referee's decision, entered pursuant to the Board's remand, had the effect of making the Board's interlocutory order final and appealable. It is asserted that Carolina brought this action in the proper forum by filing a petition for review of the August 1989 Board order with this Court within 30 days after it became a final order by virtue of the referee's issuance of his second decision on March 1, 1990.

**4.** No challenge has been made by Carolina with respect to the referee's benefit calculations on remand, or the award entered by his March 1, 1990 decision. Therefore, since no appeal was taken from this benefit award within the time period permitted under the Act, the award is now final and unappealable. *Visintin v. Workmen's Compensation Appeal Board (Hale Pump Co.)*, 127 Pa.Commonwealth Ct. 244, 561 A.2d 372 (1989); *Beth–Allen Ladder Co. v. Workmen's Compensation Appeal Board*, 53 Pa.Commonwealth Ct. 323, 417 A.2d 854 (1980).

We have carefully considered the arguments presented by Carolina in support of the course it has followed here. However, we cannot accept its position as being correct. We agree, based on our previous holdings cited *supra*, that the Board's August 1989 remand order was interlocutory and not appealable as a matter of right. However, we know of no authority, and Carolina has offered none, which holds that action taken by a referee on remand makes such an interlocutory order of the Board final and appealable to this Court.

What Carolina is attempting to do is appeal a referee's order directly to the Commonwealth Court, bypassing the Board. No authority has been referenced by Carolina which permits it to follow this procedure. Essentially, Carolina has taken the position that a second appeal to the Board on the same grounds rejected by the Board in Carolina's first appeal would serve no purpose, and would merely cause further delay in reaching a final resolution of this matter. This argument is not without merit, and we are not unsympathetic to Carolina's position. However, this Court cannot alter the administrative appeal procedure set forth in the Act on this basis.

The Commonwealth Court is not the proper forum in which a party may take an appeal from an order of a workmen's compensation referee.[5] Moreover, we decline to adopt Carolina's position that the March 1, 1990 order of the referee here made final and appealable the earlier interlocutory order entered by the Board.

Carolina also cites the rule stated in *Delaware River Port Authority v. Pennsylvania Public Utility Commission*, 408 Pa. 169, 182 A.2d 682 (1962), that where an appellate court has considered and decided a question on appeal that court will not, in a subsequent appeal of the matter, reverse its previous ruling. Carolina contends that this doctrine

5. *See* Section 423 of the Act, 77 P.S. § 853. We note that this Court's jurisdiction is governed by Section 763 of the Judicial Code, 42 Pa. C.S. § 763. Section 763(a) vests this Court with appellate jurisdiction of appeals from final orders of government agencies. It does not provide jurisdiction for appeals from referees.

would prevent the Board from reaching a different conclusion concerning the substantive issue here in a second appeal, and contends that this factor further supports its position that the Commonwealth Court is the proper forum for its appeal at this point in the proceedings.

In our judgment, the doctrine referred to in *Delaware River Port Authority*, which is known as the doctrine of the "law of the case," does not apply to Carolina's situation. In *Kuchinic v. McCrory*, 422 Pa. 620, 222 A.2d 897 (1966), the Supreme Court makes reference to this doctrine, and notes that it "only applies to appellate courts." *Id.*, 422 Pa. at 625 n. 7, 222 A.2d at 900 n. 7.[6] Our independent examination of cases referring to this doctrine has turned up none which discuss the doctrine in the context of its applicability to an administrative body acting in an appellate function, as does the Board.[7] We do not believe that the doctrine of the "law of the case" applies in this administrative setting.

Moreover, in *Holmes House v. Workmen's Compensation Appeal Board (Shanahan)*, 127 Pa.Commonwealth Ct. 199, 561 A.2d 349 (1989), we held that the Board, in a second appeal of a matter previously before it but remanded for an award of costs and fees, was permitted to reconsider and depart from the outcome of its decision regarding substantive issues presented in the first appeal of that matter. In so holding, we observed that because the Board's first order in *Holmes* was interlocutory, there was no final appealable order of the Board for *res judicata* to bar a change of the outcome in a second appeal of the matter. Likewise, it does not appear that the Board, in a second appeal of the matter at hand, would have been prevented from reconsidering its earlier decision on the substantive issue raised by Carolina, and reaching a different outcome, if warranted. Therefore,

**6.** *Accord Farber v. Engle,* 106 Pa.Commonwealth Ct. 173, 176 n. 5, 525 A.2d 864, 866 n. 5 (1987); *Kestler Appeal,* 66 Pa.Commonwealth Ct. 1, 444 A.2d 761 (1982).

**7.** In *Delaware River Port Authority,* the doctrine was not discussed in reference to actions taken by the port authority or the Pennsylvania Public Utility Commission, both of which were parties to the action, but rather in reference to action taken by the Superior Court in that case, which had previously been before the Superior Court on appeal.

this supposed impediment cannot serve as support for Carolina's attempt to bypass the Board in bringing its appeal from the March 1, 1990 referee's decision directly to this Court.

■ We believe the only course of action available to us is to quash. Section 5103 of the Judicial Code, 42 Pa. C.S. § 5103, directs:

(a) General rule.—If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof *to the proper tribunal of this Commonwealth,* where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth.

\* \* \* \* \* \*

(d) Definition.—As used in this section "tribunal" means a court or district justice or other judicial officer of this Commonwealth vested with the power to enter an order in a matter, the Board of Claims, the Board of Property, the Office of Administrator for Arbitration Panels for Health Care *and any other similar agency.* (Emphasis added.)

*See also* Pennsylvania Rule of Appellate Procedure 751, which is based on Section 5103(a) of the Judicial Code. In *Barner v. Board of Supervisors of South Middleton Township,* 113 Pa.Commonwealth Ct. 444, 537 A.2d 922 (1988), we examined the language of this statutory provision and held that the term "tribunals," as it is used here, did not include local zoning hearing boards. We also observed in *Barner* that the specific tribunals referenced in subsection (d) of the provision are all (1) Commonwealth agencies with state-wide jurisdiction, (2) exercising original jurisdiction

involving subject matters which are also, in other instances, within the original jurisdiction of courts.

Although the Board qualifies as a Commonwealth agency with state-wide jurisdiction, it would not appear to exercise the type of jurisdiction which would lead to its classification as an agency similar to those listed in Section 5103(d),[8] and thus cannot be considered a "tribunal" to which this Court could transfer a misfiled appeal or other matter under Section 5103(a).[9]

Accordingly, having determined that the Commonwealth Court is not the forum in which Carolina may raise this matter, and that the Board does not qualify as a "tribunal" for purposes of transfer of this matter under Section 5103(a) of the Judicial Code, we have no alternative but to order that this matter be quashed, and the petitions for review filed by Carolina be dismissed.

## ORDER

AND NOW, December 31, 1990, the above-captioned matter is hereby quashed, and the petitions for review filed by Carolina Freight Carriers Corp. are hereby dismissed.

---

**8.** *See* 1 G. Darlington, K. McKeon, D. Schuckers, K. Brown, Pennsylvania Appellate Practice, §§ 751:5, 1511:4.

**9.** Because we are unable to transfer this matter, and since no timely appeal was made to the Board from the March 1, 1990 decision of the referee which again assessed liability for compensation benefits against Carolina and McGaughey, this aspect of the referee's decision is now final as well.