597 A.2d 730

**Charles MACALUSO, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (PHILADELPIA COLLEGE OF OSTEOPATHIC MEDICINE), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 9, 1990.

Decided Sept. 19, 1991.

438

Larry Pitt, for petitioner.

Christopher Wright, for respondent.

Before DOYLE and BYER, JJ., and BARRY, Senior Judge.

BYER, Judge.

Charles Macaluso appeals from an order of the Workmen's Compensation Appeal Board denying his petition for compensation benefits.

Mr. Macaluso was employed by the Philadelphia College of Osteopathic Medicine as a truck driver and maintenance man. On April 6, 1981, he sustained a low back injury while lifting a 36–pound mail bag.

Mr. Macaluso filed a claim petition and, after a series of hearings, the referee found that he had sustained a work-related injury. However, the referee also found that Mr.

Macaluso was fully recovered as of July 13, 1981 and granted compensation for that limited period. The referee made no findings regarding the payment of Mr. Macaluso's medical bills.

Mr. Macaluso appealed. The board affirmed the decision of the referee awarding compensation from April 6, 1981 to July 13, 1981, but remanded the case to the referee for findings concerning the payment of medical bills.

On remand, the referee incorporated all of the findings of facts and conclusions of law in his earlier decision. However, the referee added the additional finding that Mr. Macaluso's medical bills were unrelated to his work injury because the treatment took place after the date Mr. Macaluso had fully recovered. Mr. Macaluso again appealed.

The board held that because Mr. Macaluso did not appeal its initial decision affirming the referee's decision that he had fully recovered as of July 13, 1981, Mr. Macaluso was precluded from raising this issue because of the doctrine of *res judicata*.

Mr. Macaluso argues to us:[1] (1) the referee erred in denying payment of his medical bills based upon the erroneous finding that he had fully recovered from his work-related injury on July 13, 1981; and (2) the referee's finding of fact that he had fully recovered from his work-related injury on July 13, 1981 is not supported by substantial evidence.

■ The employer contends that the board correctly held that Mr. Macaluso is precluded from asserting that the referee erred in finding that he had fully recovered on July 13, 1981, because Mr. Macaluso did not appeal the board's initial decision affirming the referee's finding on this issue. We do not agree.

1. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

■ The board's initial order remanded the case to the referee. Remand orders are interlocutory and not appealable except by permission in accordance with 42 Pa.C.S. § 702(b) and Pa.R.A.P. 1311. *Murhon v. Workmen's Compensation Appeal Board,* 51 Pa.Commonwealth Ct. 214, 414 A.2d 161 (1980).

In *FMC Corp. v. Workmen's Compensation Appeal Board (Wadatz),* 116 Pa.Commonwealth Ct. 527, 542 A.2d 616 (1988) (en banc), we emphasized this holding and overruled cases which carved out exceptions to this rule. Explaining the importance of the nonappealability of remands we stated:

> By holding fast to the *Murhon* rule, we remove all doubt for trial courts, administrative agencies and counsel for litigants as to our position with respect to the appealability of interlocutory orders.
>
> *   *   *   *   *   *
>
> In the case now before us, there is the possibility, if not the likelihood, that once the referee determines the counsel fee issue which has been remanded to him, yet another appeal will be taken to the Board and then to this Court. Such procedures work against the economical use of judicial time and are at variance with what we tried to accomplish in *Murhon.*

*Id.,* 116 Pa.Commonwealth Ct. at 529, 542 A.2d at 617.

Therefore, the board erred in holding that Mr. Macaluso's failure to appeal its initial order results in preclusion of his claim. The order was interlocutory, and Mr. Macaluso may challenge this order on appeal now that the case properly is before us.

The referee found that Mr. Macaluso had fully recovered from his work-related injury on July 13, 1981. Mr. Macaluso argues that there is no evidence of record which substantiates the referee's finding of full recovery. We agree.

■ The referee found that Mr. Macaluso sustained a work-related injury on April 6, 1981. This finding of a work-related injury shifted the burden to the employer to

show that claimant's disability had ceased. *Barrett v. Otis Elevator Co.*, 431 Pa. 446, 246 A.2d 668 (1968); *J.A.B. Enterprises v. Workmen's Compensation Appeal Board (Hauhn)*, 79 Pa.Commonwealth Ct. 638, 470 A.2d 210 (1984).

The referee accepted as credible the testimony of the employer's medical witness, Daniel Gross, M.D., who testified that the claimant would recover from his low back strain within four months of the injury of April 6, 1981. (Referee finding, 5). *However, Dr. Gross did not examine Mr. Macaluso until February 24, 1982, seven months after the referee's finding of full recovery.* None of Dr. Gross's testimony indicated that Mr. Macaluso had fully recovered on July 13, 1981, a date which appears to be arbitrary.[2]

The referee apparently chose the arbitrary date of July 13, 1981, based upon one phrase from the testimony of Vincent E. Baldino, M.D., claimant's treating physician, who stated that claimant was "feeling better" on July 13, 1981 (Deposition, April 28, 1982, 18). However, "feeling better" simply cannot be equated with full recovery. "Feeling better" is consistent with Mr. Macaluso continuing to suffer from his condition, but experiencing some relief from his pain on that particular date. The referee erred in relying on this one particular phrase used by Dr. Baldino. The entire medical testimony must be reviewed as a whole and "a final decision should not rest on a few words taken out of context of the entire testimony." *Wilkes–Barre v. Workmen's Compensation Appeal Board (Scott)*, 54 Pa.Commonwealth Ct. 230, 234, 420 A.2d 795, 798 (1980).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Peak v. Unemployment Compensation Board*

**2.** We respectfully disagree with the dissenting opinion's conclusion that the referee reasonably could conclude that the injury ceased as of July 13, 1981 based upon Dr. Gross' testimony that the "injury should resolve itself within four months." Dissenting opinion, 3. In our opinion, there must be some evidence that Mr. Macaluso *in fact* recovered. There is no such evidence in this record beyond the referee's conjecture.

*of Review,* 509 Pa. 267, 275, 501 A.2d 1383, 1387 (1985). The evidence upon which the referee relied is not such that a reasonable mind would accept as sufficient to support the conclusion reached by the referee.

We reverse the order of the Workmen's Compensation Appeal Board and remand for computation of benefits.

## ORDER

The order of the Workmen's Compensation Appeal Board is reversed, and we remand the case for computation of benefits.

Jurisdiction relinquished.

BARRY, Senior Judge, dissenting.

I agree with the majority opinion that Mr. Macaluso's failure to appeal the board's initial interlocutory remand order does not preclude his claim. As interlocutory orders are generally not appealable, and this case fits within none of the exceptions to the rule, Mr. Macaluso did not waive anything when he did not appeal the original order of the board.

However, I must respectfully dissent because I believe that the referee's finding that Mr. Macaluso's disability terminated on July 13, 1981, is supported by substantial evidence. I cannot agree that the referee based his finding of recovery upon only the testimony of Vincent Baldino, M.D., that on July 13, 1981, Mr. Macaluso was "feeling better".

The referee's decision, rendered on March 10, 1989, incorporated findings of fact from the January 14, 1986, decision which include the following pertinent findings:

4. The referee finds as credible and worthy of belief the testimony of Dr. Baldino, who testified on behalf of claimant on April 28, 1982, and the testimony of Dr. Gross, who testified on behalf of the Defendant on August 6, 1982, that the claimant suffered from degenera-

tive arthritis and scoliosis prior to the work injury of April 6, 1981.

5. The referee is persuaded by the testimony of Dr. Gross that the claimant would have recovered from his low back strain within four months of the injury of April 6, 1981 and that any subsequent complaints of neck or back pain would have been attributable to claimant's preexisting scoliosis and degenerative arthritis.

6. The Referee finds as credible and trustworthy the testimony of Dr. Baldino that claimant probably suffered from low back pain prior to the injury of April 6, 1981, and therefore, concludes that when claimant was examined by Dr. Baldino on July 13, 1981, three months post injury, at which time the claimant was feeling much better and had no complaints of back pain, that the claimant had recovered from the injury of April 6, 1981.

The referee's decision does not rest solely on the words "feeling better" taken out of context. A referee, as fact finder, may accept or reject the testimony of any witness, including a medical witness, in whole or part. *Sell v. Workmen's Compensation Appeal Board*, 62 Pa.Commonwealth Ct. 5, 434 A.2d 904 (1981). The referee relied on Dr. Gross' testimony that, giving the patient the benefit of the doubt, Mr. Macaluso's injury should resolve itself within four months. (Deposition, 8/6/82, p. 10, 18). The referee chose July 13, 1981, a date within four months of the injury, because that date was further supported by the testimony.

Dr. Baldino's initial diagnosis, on April 20, 1981, was that Mr. Macaluso suffered from osteoarthritis. (Deposition 4/28/82, p. 14). He testified that it was possible that the problems of which Mr. Macaluso complained were attributable to scoliosis and degenerative arthritis. (Deposition, 4/28/82, p. 23). The July 13, 1981 date is supported by the testimony of Dr. Baldino that Mr. Macaluso was "feeling better" when he saw the doctor on that date. But that date is further supported by evidence that Dr. Baldino examined Mr. Macaluso in August and September and there was no notation that Mr. Macaluso was experiencing any back pain.

(Deposition 4/28/82, p. 18). A person could reasonably conclude that any pain emanating from the work injury ceased on or near July 13, 1981.

"Traditionally, this court has held that a single medical expert's testimony is a reasonable basis upon which a referee may base a finding of fact despite conflicting evidence." *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 132 Pa.Commonwealth Ct. 277, 282, 572 A.2d 838, 840 (1990). The Supreme Court stated:

> Review of the findings of fact is limited to the question of whether the lower court's findings are adequately supported by the evidence as a whole; credibility is solely an issue for the finder of fact; and findings of fact will be overturned only if they are arbitrary and capricious. *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Shinsky)*, 492 Pa. 1, 5, 421 A.2d 1060, 1062–1063 (1980).

*Id.*, 132 Pa.Commonwealth Ct. at 282, 572 A.2d at 840.

This court has accepted that substantial evidence exists if, upon examination of the record, the evidence including all inferences therefrom is such that a reasonable man acting reasonably could have come to the same conclusion as the referee. *A.P. Weaver and Sons v. Sanitary Water Board*, 3 Pa.Commonwealth Ct. 499, 505, 284 A.2d 515, 518 (1971). I think that standard is met in this case. It is within the referee's sole province to determine whether Mr. Macaluso remained disabled due to the work injury. The referee's decision that the disability terminated on July 13, 1981, is supported by substantial evidence. Furthermore, the referee's denial of payment for chiropractic treatments by Dr. Tedd Koren, finding that they are unrelated to the work injury, is proper since the treatment did not begin until October 30, 1981, more than three months after Mr. Macaluso's disability terminated. I would, therefore, affirm the order of the board.