Paula TINDAL, Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (CITY OF PHILADELPHIA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 15, 2002.

Decided May 24, 2002.

I. Michael Luber, Philadelphia, for petitioner.

Lawrence C. Beck, Philadelphia, for respondent.

BEFORE: FRIEDMAN, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Paula Tindal (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of a Workers' Compensation Judge (WCJ) denying Claimant's Claim Petition. We affirm.

On April 22, 1988, Claimant filed a Claim Petition alleging that, on January 15, 1988, she developed carpal tunnel syndrome while working as a laborer for the City of Philadelphia, Department of Licenses and Inspection (Employer). This

case was originally assigned to Referee[1] Inez Lundy, who heard the testimony and accepted the evidence submitted by the parties. However, this case was transferred to Referee Irvin Stander, who issued a decision and order dated November 8, 1991 denying Claimant's Claim Petition because "[b]ased on the testimony of Dr. Mandel claimant has not sustained her burden of proving a causal relationship between her injury and her employment with the City of Philadelphia." (Finding of Fact No. 25). Claimant appealed to the Board, which vacated and remanded the decision of the Referee because he failed to make findings of fact with regard to the credibility of two witnesses, James Grundy and Russell Simmons. The Board directed that the Referee was to open the record and make necessary credibility determinations. On remand, the case was assigned to WCJ Lundy, who originally heard the testimony, rather than WCJ Stander, who issued the opinion. On July 28, 1995, WCJ Lundy issued a decision finding Dr. Mandel not credible, granting Claimant's Claim Petition and finding that Employer presented an unreasonable contest. Employer appealed to the Board, which affirmed the WCJ's grant of the Claim Petition but reversed his award of unreasonable contest attorney's fees.

Employer appealed the Board's decision to this Court, contending that the Board erred by remanding for additional evidence when WCJ Stander's crucial findings were supported by the evidence. In an unreported decision filed on February 26, 1998, we vacated the decision of the Board because there was nothing in the record to indicate that Grundy or Simmons had testified. Therefore, we were unable to conduct an effective appellate review of the WCJ's decision. Accordingly, we remanded this case to the Board, with instructions to remand this case to a WCJ if necessary, for a determination as to whether Grundy and Simmons actually testified and, if they did, whether their testimony was crucial to the determination of whether Claimant was entitled to benefits. If their testimony was found not to be crucial, we directed that WCJ Stander's November 8, 1991 decision should to be reinstated.

On August 8, 1998, the Board remanded this case in accordance with our opinion and the Bureau of Workers' Compensation assigned this case to WCJ Patricia M. Bachman. The parties stipulated that Simmons did not testify and the WCJ found that Grundy did testify. With regard to Mr. Grundy's testimony, the WCJ found that it "is not crucial, as fact or law ... [and] is irrelevant to what this WCJ deems is the crucial credibility determinations of Judge Stander of the expert medical testimony of Dr. Richard Mandel in this matter." (Finding of Fact No. 5). The WCJ also concluded that "the testimony of James Grundy is not crucial to the credibility determination rendered by Referee Irvin Stander on November 8, 1991 that Claimant failed to establish by unequivocal medical testimony that there is any causal link between her disability and her employment ..." (Conclusion of Law No. 3).

Accordingly, because the WCJ found that Grundy's testimony was not crucial, she reinstated the November 8, 1991 decision of WCJ Stander denying Claimant's Claim Petition. Claimant appealed to the Board, arguing that: 1) WCJ Bachman should have recused herself and, 2) the WCJ's decision that Grundy's testimony was not crucial is not supported by sub-

---

1. Prior to the 1993 amendments to the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1– 1041.4; 2501–2606, WCJs were called Referees.

stantial evidence. The Board affirmed the decision of the WCJ, and this appeal followed.[2] Claimant raises the same two issues for our review.[3]

Substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. *Hoffmaster v. Workers' Compensation Appeal Board (Senco Products, Inc.)*, 721 A.2d 1152 (Pa.Cmwlth.1998). In performing a substantial evidence analysis, this court must view the evidence in a light most favorable to the party who prevailed before the factfinder. *Id.* Moreover, we are to draw all reasonable inferences which are deducible from the evidence in support of the factfinder's decision in favor of that prevailing party. *Id.* Furthermore, in a substantial evidence analysis where both parties present evidence, it does not matter that there is evidence in the record which supports a factual finding contrary to that made by the WCJ; rather, the pertinent inquiry is whether there is any evidence which supports the WCJ's factual finding. *Id.* It is solely for the WCJ, as the factfinder, to assess credibility and to resolve conflicts in the evidence. In addition, it is solely for the WCJ, as the factfinder, to determine what weight to give to any evidence. *Id.* As such, the WCJ may reject the testimony of any witness in whole or in part, even if that testimony is uncontradicted. *Id.* It is with these principles in mind that we consider this challenge.

Claimant argues that WCJ Bachman should have recused herself from this case because she is WCJ Stander's former secretary and law clerk.[4] Claimant contends that WCJ Bachman's "long standing relationship with WCR Stander presented the WCJ with the choice of supporting or reversing the Decision of WCR Stander, her mentor. Their relationship presents, at a minimum, the appearance of a conflict which should have compelled recusal, pursuant to the Code of Judicial Conduct." (Claimant's brief, p. 14).

Section 1404 of the Act, 77 P.S. § 2504, provides that workers' compensation judges must adhere to a Code of Ethics. In particular, the Section 1404(a)(7) provides that a WCJ must "[d]isqualify himself from proceedings in which impartiality may be reasonably questioned." In addition, Canon 3, Section C of the Code of Judicial Conduct (Code) provides that:

(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:

(a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

(b) he served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it . . .

---

2. This court's appellate review over an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Petrisek)*, 537 Pa. 32, 640 A.2d 1266 (1994).

3. In her petition for review, Claimant also states that the WCJ did not render a reasoned decision. However, Claimant did not raise this issue before the Board. Therefore, it is waived. *See* Pa. R.A.P. 1551. Furthermore, Claimant provides no support for this statement in her brief.

4. We note that Claimant has submitted no evidence in support of this contention.

■ Initially, we note that with regard to enforcement of the provisions of the Code, our Supreme Court has held that:

> Canon 3 C, like the whole of the Code of Judicial Conduct, does not have the force of substantive law, but imposes standards of conduct upon the judiciary to be referred to by a *judge* in his *self-assessment* of whether he should volunteer to recuse from a matter pending before him. The rules do not give standing to others, including Superior Court, to seek compliance or enforcement of the Code because its provisions merely set a norm of conduct for all our judges and do not impose substantive legal duties on them.
>
> . . .
>
> **More importantly, violations of those Codes are not a proper subject for consideration of the lower courts to impose punishment for attorney or judicial misconduct.** The Constitution provides a mechanism for the enforcement of violations of the Code of Judicial Conduct and the Judicial Inquiry and Review Board is authorized, on its own volition, where necessary, to investigate violations of the Code of Judicial Conduct (see Rule 1—Rules of Procedure Governing the Judicial Inquiry and Review Board). Upon the Board's findings and determinations recommending disciplinary action for violations of the Code, the matter is referred to this body. We then review the record and may wholly accept or reject the recommendation as we find just and proper (see Rule 18). This procedure, except for impeachment proceedings, is the exclusive mode established for the discipline of our judges for violations of the Code and we have not abdicated or delegated any of our supervisory authority in enforcing these standards of conduct to Superior Court. **To presume that the Code or its alleged violations can be reviewed by any tribunal other than those we authorize is a misapprehension of the purpose of the Code, and is seen as an impermissible meddling into the administrative and supervisory functions of this Court over the entire judiciary.**

*Reilly by Reilly v. Southeastern Pennsylvania Transportation Authority*, 507 Pa. 204, 219, 489 A.2d 1291, 1298 (1985) (italics in original; bold added). Given the Supreme Court's clear direction that this Court is not the proper forum in which to adjudicate violations of the Code, we will not address Claimant's argument that, pursuant to the Code, WCJ Bachman should have recused herself. We may, however, address Claimant's argument that WCJ Bachman was not capable of presiding over this matter impartially.

■ "The standard for determining whether recusal is proper is whether there is *substantial reasonable doubt* as to the judge's ability to preside impartially." *Steinhouse v. Workers' Compensation Appeal Board (A.P. Green Services)*, 783 A.2d 352, 356 (Pa.Cmwlth.2001) (emphasis added). It is presumed that a workers' compensation judge can make the decision of whether or not to recuse for himself/herself and that decision will not be overturned absent an abuse of discretion. To overcome this presumption, the party making the allegation that the workers' compensation judge was not capable of being impartial must show **actual bias on the record.** *Dow v. Workers' Compensation Appeal Board (Household Finance Co.)*, 768 A.2d 1221, 1225 (Pa.Cmwlth. 2001). Because recusal is a matter of individual discretion for a judge, a party must normally raise the issue of recusal before a decision has been rendered in a case or that issue will be deemed waived. *See M & D Auto Body v. Workmen's Compensation Appeal Board*, 143 Pa.Cmwlth. 346, 599 A.2d 1016, 1019 (1992) and *Thomas v.*

*Workmen's Compensation Appeal Board (Ida's Frosted Products, Inc.)*, 680 A.2d 24, 26 (Pa.Cmwlth.1996). However, when there is no evidence in the record showing that a party knew of a potential conflict of interest before the close of the record, the party raising the recusal motion after the close of the record will not be deemed to have waived the issue. *M & D Auto Body*, 599 A.2d at 1019.

■ In this case, the Board correctly points out that the parties were given an opportunity to object to the reassignment of this case to WCJ Bachman and that the WCJ received no objections. However, there is no evidence that Claimant was aware of WCJ Bachman's potential conflict of interest before the decision was rendered. Therefore, we agree with the Board that, pursuant to *M & D Auto Body*, Claimant did not waive this issue. We will, accordingly, address the merits of Claimant's argument.

■ Our review of the record in this case does not reveal any abuse of discretion on the part of WCJ Bachman. It is presumed that WCJ Bachman was capable of rendering an impartial decision, and Claimant has failed to point to anything in the record that shows actual bias. Rather, Claimant has made the allegation that WCJ Bachman could not render an impartial decision because she was previously employed by WCJ Stander. However, there is nothing in the record showing that WCJ Bachman worked on this case or that she was even employed by WCJ Stander at the time his decision was rendered more than ten years ago, nor is there any evidence that she was ever employed by him. *See* note 4 *infra*. This mere allegation of bias, for which there is no support in the record, is insufficient to rebut the presumption that WCJ Bachman was capable of rendering an impartial decision. *Dow.* The showing of actual bias on the record is a condition precedent to proving that a WCJ was incapable of presiding impartially. Because Claimant has not cited to any part of the record which shows actual bias, we fail to see how the Board erred in this regard.

■ Next, Claimant argues that the WCJ erred by finding that Grundy's testimony was not crucial. In her petition for review, Claimant alleges that the testimony of Grundy "established that claimant's injury affected her ability to work." Claimant also argues that Grundy placed Claimant on "limited duty", which is given to employees injured on the job, rather than "restricted duty", which is given to employees with non work-related injuries. However, the basis for WCJ Bachman's determination that Grundy's testimony was not crucial is the fact that WCJ Stander accepted as credible the medical testimony of Dr. Mandel, *who testified that there was no causal relationship between her injury and her employment.* This is a credibility determination that we do not have the power to overturn. Therefore, because there was no causal relationship between the injury and the disability, whether the injury affected Claimant's ability to work is irrelevant because only work-related injuries are compensable. Accordingly, WCJ Bachman's finding that Grundy's testimony was not crucial is supported by the evidence.

■ Furthermore, it is not significant that Grundy placed Claimant on "limited duty" because Grundy is not a medical doctor. Therefore, he is not competent to make a determination as to whether an injury such as carpal tunnel syndrome is work-related for the purposes determining entitlement to workers' compensation benefits. If Claimant's injury was a broken arm, for example, and Grundy testified

that he saw the injury occur, then his testimony would be significant and crucial. However, an injury such as carpal tunnel syndrome usually develops over an extended period of time and can be caused by many factors. Thus, it is not the type of injury that a co-worker or supervisor could testify as to having a causal relationship to employment because there is no obvious causal connection between the injury and employment. Rather, unequivocal medical testimony is required to prove the causal relationship. *See Merchant v. Workers' Compensation Appeal Board (TSL, Ltd.)*, 758 A.2d 762, 769–770 (Pa.Cmwlth.2000) ("Where there is no obvious causal connection between the injury and the work-related cause, a claimant must present unequivocal medical testimony to establish that connection."). As such, we can discern no error in WCJ Bachman's conclusion that Grundy's testimony was irrelevant and that WCJ Stander's decision should be reinstated.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, May 24, 2002, the order of the Workers' Compensation Appeal Board dated October 24, 2001 and docketed at A00–2340 is hereby AFFIRMED.